UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Dan Howitt,

                         Plaintiff,

v

DoubleTree Suites by Hilton Boston-Cambridge,

                         Defendant.

FILED
IN CLERKS OFFICE

2024 DEC 27 PM 3:53

U.S. DISTRICT COURT
DISTRICT OF MASS.

## COMPLAINT
## AND REQUEST FOR BENCH TRIAL

1

## PARTIES

| | |
|---|---|
| Plaintiff: | Dan Howitt<br>37 Bay State Road #5<br>Boston, MA 02215 |
| Defendant: | DoubleTree Suites by Hilton Boston-Cambridge<br>400 Soldiers Field Road<br>Boston, MA 02134 |

1. Plaintiff: Dan Howitt, pro se, as a person who began a 1 year housing-rental contract with the defendant.

2. Defendant: DoubleTree Suites by Hilton Boston-Cambridge, who offered a 1 year housing-rental contact with me.

## JURISDICTION AND VENUE

Via USC 28 s1391(b), the venue is proper because I lived in, and still live in, Massachusetts, and because the apartment-rental that the defendant owns is in Massachusetts.

Via USC 28 s1331, this court has jurisdiction over violations of USC 42 c45, and USC 42 s3601 et seq.

Via USC 28 s1367(a), this court has supplemental jurisdiction over claims about violations of Massachusetts General Law statutes (for example, MGL c151B s4(10)), because those claims arise out of the same case or controversy as my federal claims.

Via USC 28 s1343, this court has jurisdiction over civil actions that seek to recover damages for harm that was entailed by the aforementioned violations, and to redress deprivations of civil rights.

USC 42 s12188 provides for the following:

    (a) Request for the Massachusetts Attorney General to, per its obligation, investigate the above violations of USC 42 c45, and to take part in my complaint, or initiate its own complaint against the defendants.

    (b) In order to vindicate the public interest, assess a civil penalty against the defendants of up to $50,000 for the first violation, and up to $100,000 for each subsequent violation.

    (c) Punitive damages

## INTRODUCTION

I receive SSI Disability Income, MassHealth Medicaid, Supplemental Nutrition Assistance Program, and a HUD Section 8 Voucher.

I am diagnosed with marked Autism Spectrum Disorder (DSM-V, 299.00 (F84.0)), marked Major Depressive Disorder (DSM-V, 296.33 (F33.2)), and marked Post Traumatic Stress Disorder (DSM-5, 309.81(F43.10) caused by chronic disability-based social abuse.

This is a complaint arguing that the defendant violated the following federal and state statutes:

USC 42 c45;  USC 42 s3601 et seq
MGL c151B s4(10)

In March 2023, I was granted the above voucher.  Cathy Boyle, the housing specialist of the Association For Autism & Neurodiversity (AANE) in Massachusetts, upon my informing her in May of the pervasive voucher-discrimination that I was being subjected to, stated the following,

"Everyone discriminates against Section 8 Vouchers, and there isn't enough time to obtain legal relief, because the apartments in inner-Boston are typically rented within days if not hours, you will have to find a tax-free building that caters to voucher holders."

From March 2023 to November 2023, I was discriminated against by 99% of the people offering apartments, of a wide range of costs, via a multitude of pretexts immediately after I informed them of my voucher, such as that the apartments were,

"just rented", "it is no longer being rented", "a decision was made to require a particular credit-score", "a decision was made to require an occupation and income source thereof",

or they discontinued responding to me.

The following ongoing media-covered case in Suffolk Superior Court demonstrates the pervasiveness of voucher-discrimination; and included in the Complaint is a significant extent of emails between prospective tenants and landlords, realtors, brokers, etc, demonstrating the voucher-discrimination:

https://lawyersforcivilrights.org/wp-content/uploads/2024/02/HRI-v.-Charlesgate-Housing-Complaint-.pdf

4

## FACTS

(1)  8/5/23 – 8/31/23, I emailed with the hotel-director Stephen Nass about the following; and the following transpired.

(2)  He offered me via email a 1 year rental-contract at $4,500 per month.

(3)  I emailed him that my primary source of rental income would be my Section 8 Mobile Choice Voucher.

(4)  He replied via email that he consulted with his legal-team that he could not accept my voucher.

(5)  He added via email that if I could pay for the monthly rental expense in another way, he could proceed.

(6)  I replied via email that I do not have another source of rental-income.

(7)  I added via email that his hotel not accepting my source of rental income is in violation of MGL c151B s4(10).

(8)  I emailed and postal-mailed him a MGL 93A demand letter regarding the above.

(9)  He replied by email that he declines my MGL 93A demand, and that if I file a lawsuit against his hotel, the hotel will seek attorney fees against me for having to defend itself against me.

(10)  I had been seeking an apartment rental since 3/2023, which is when I was granted a voucher, and had been enduring five full months of incessant discrimination thereof.

(11)  Moreover, I was enduring 10+ months of egregious violations of federal laws and state laws by my then-landlords, including severe abusive retaliation, as I express in 1:24CV11991PBS.

(12)  As such, I was in substantial need of housing.

(13)  Due to the well known pervasiveness of landlords violating federal laws and state laws, including severe retaliation against tenants for asserting their rights, I sought the defendant's hotel as a highly professional housing-rental, where I would no longer be subjected to serious health-code violations, and landlord abuse.

(14)  My housing-authority, on this basis (13 above) approved of my seeking housing-rentals in hotels offering extended-stays.

5

## CAUSES OF ACTION

### COUNT 1

(15) I restate, and incorporate by reference, each allegation expressed above in 1 – 14.

The defendant violated USC 42 c45: USC 42 s3601 et seq, by not accepting my Section 8 Voucher as my rental-income.

Due to the aforementioned, I would like to request the following relief.

1, Judgment on the aforementioned violations.

2, Monetary damages.

3, Triple damages.

4, Punitive damages.

5, An injunction requiring the defendant to adhere to the Federal Fair Housing Act.

6, Additional orders that the Court finds warranted.

### COUNT 2

(16) I restate, and incorporate by reference, each allegation expressed above in 1 – 15.

The defendant violated MGL c151B s4(10) by not accepting my Section 8 Voucher as my rental-income.

Due to the aforementioned, I would like to request the following relief:

1, Judgment on the aforementioned violations.

2, Monetary damages.

3, Triple damages.

4, Punitive damages.

5, An injunction requiring the defendant to not violate MGL c151B s4(10) against prospective tenants.

6, Additional orders that the Court finds warranted.

**REQUEST FOR BENCH TRIAL**

      I would like to request a bench trial on all of the violations.

Submitted by,

*/s/ Dan Howitt*

Dan Howitt
12/26/24

**CERTIFICATE OF SERVICE**
I served this document today to the defendant Stephen Nass stephen.nass@hilton.com and his colleagues Stephen Pole Stephen.Pole@hilton.com, Frank Connolly Frank.Connolly@hilton.com, and Matthew Fore Matthew.Fore@hilton.com

*/s/ Dan Howitt*

Dan Howitt
12/26/24